UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JABARIE PHILLIPS,<br><br>                 Plaintiff,<br><br>   v.<br><br>RON FRAKER, PRIVATE CONTRACTORS,<br><br>                 Defendants. | No. C12-1110 RBL/KLS<br><br>ORDER TO AMEND OR SHOW CAUSE |

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4.  Plaintiff has been granted leave to proceed *in forma pauperis*.  Presently before the Court for review is Plaintiff's proposed civil rights complaint.  ECF No. 9.  The Court will not direct service of Plaintiff's complaint at this time because it is deficient, as is explained in further detail below.  Plaintiff will be given an opportunity to amend his complaint.

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

ORDER TO AMEND OR SHOW CAUSE- 1

A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *See Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id.* at 1974.

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Neither can the court supply essential facts that an inmate has failed to plead. *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). Unless it is absolutely clear that amendment would be futile, however, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, "the complaint [must provide] 'the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Kimes v. Stone* 84 F.3d 1121, 1129 (9th Cir. 1996) (citations omitted). In addition, in order to obtain relief against a defendant under 42 U.S.C. § 1983, a plaintiff must prove that the particular defendant has caused or personally participated in causing the deprivation of a particular protected constitutional right. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

ORDER TO AMEND OR SHOW CAUSE- 2

To be liable for "causing" the deprivation of a constitutional right, the particular defendant must commit an affirmative act, or omit to perform an act, that he or she is legally required to do, and which causes the plaintiff's deprivation. *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff claims that on September 12, 2010, while he was at work cleaning the shower, he slipped, fell, and fractured his left arm. ECF No. 9, p. 3. He alleges that the surface where he fell was wet due to a leaking roof caused by the faulty work of unidentified private contractors hired by the Department of Corrections (DOC).

Plaintiff also alleges that DOC medical staff failed to provide proper medical treatment and surgery that has left his left arm deformed. He seeks $1 million in damages. *Id.*, p. 4.

**A.     Ron Fraker, Superintendent**

Plaintiff names Ron Fraker, Superintendent of the Clallam Bay Correctional Center, as a defendant. ECF No. 9, p. 3. However, there are no factual allegations contained in the complaint against Mr. Fraker.

A supervisory official is not liable for the actions of subordinates on a *respondeat superior* theory under 42 U.S.C. § 1983. *Jeffers v. Gomez*, 267 F.3d 895, 910, 915 (9th Cir.2001) (citing *Hansen v. Black*, 885 F.2d 642, 645–46 (9th Cir.1989)). "A supervisor may be liable under § 1983 only if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Id.* (internal quotations omitted). A causal connection is "an affirmative link" between a constitutional deprivation and "the adoption of any plan or policy by [a supervisor,] express or otherwise showing [his or her] authorization or approval of such misconduct." *Rizzo v. Goode*, 423 U.S. 362, 371, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The inquiry into causation "must be individualized" and focused on the duties and

ORDER TO AMEND OR SHOW CAUSE- 3

responsibilities of the individual defendant whose acts or omissions are alleged to have caused a violation. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir.1988).

Plaintiff must set forth facts describing how Mr. Fraker was involved in the alleged violation of his constitutional rights.

**B.     Slip and Fall**

A claim pursuant to 42 U.S.C. § 1983 requires an allegation of the violation of a right secured by the Constitution and laws of the United States, and a showing that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, Plaintiff attempts to sue unnamed "private outside contractors" for an alleged leak in the roof that he believes caused the slippery surface on which he fell.

First, Plaintiff is advised that "[a]lthough mere negligence may support a state tort claim, it is not actionable under section 1983." *Daniels v. Williams*, 474 U.S. 327, 333 (1986)). The allegations contained in Plaintiff's complaint merely state a cause of action for negligence. *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir.1989) (holding that slippery floors, without more, do "not state even an arguable claim for cruel and unusual punishment"), *superseded by statute as stated in, Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir.2000). To file a complaint based upon a violation of his constitutional rights, plaintiff is required to meet a higher standard than negligence. To pursue his claim here, he must show that prison officials were deliberately indifferent to his safety by consciously disregarding an excessive risk of harm to his health. *See Farmer v. Brennan*, 511 U.S. 825, 833-38 (1994); *see also Wilson v. Seiter*, 501 U.S. 294, 302 (1991) ("[O]ur cases say that the offending conduct must be wanton.")

Second, Plaintiff attempts to sue unidentified "private outside contractors." Generally, private actors are not acting under color of state law. *See Price v. Hawaii,* 939 F.2d 702, 707-08

ORDER TO AMEND OR SHOW CAUSE- 4

(9th Cir.1991). In order to determine whether a private actor acts under color of state law for § 1983 purposes, the Court looks to whether the conduct causing the alleged deprivation of federal rights is fairly attributable to the state. *Id.* (citing *Lugar v. Edmundson Oil Co., Inc.*, 457 U.S. 922, 937 (1982)). Conduct may be fairly attributable to the state where (1) it results from a governmental policy and (2) the defendant is someone who fairly may be said to be a governmental actor. *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir.1999) (citing *Lugar*, 457 U.S. at 937). A private actor may be considered a governmental actor "because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Lugar*, 457 U.S. at 937.

The Court, however, begins with the presumption that private actors are not acting under color of state law. *See Sutton*, 192 F.3d at 835. "In order for private conduct to constitute governmental action, 'something more' must be present." *Id*. (quoting *Lugar*, 457 U.S. at 939). The Court may employ various tests in determining whether "something more" exists, including: (1) the public function test-where a private actor exercises powers traditionally exclusively reserved to the State; (2) the joint action test-where a private actor is a willful participant in joint activity with the State or its agents; (3) the state compulsion test-where the State exercises coercive power or provides such significant encouragement that the private actor's choice must be deemed to be that of the State; and (4) the governmental nexus test-where there is a sufficiently close nexus between the State and the challenged action such that the action of the private actor may be fairly treated as that of the State. *Johnson v. Knowles*, 113 F.3d 1114, 1118-20 (9th Cir.1997) (cited sources omitted). Courts have also looked to whether there is "pervasive entwinement" between private and public entities. *See, e.g., Brentwood Academy v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 298-99 (2001) (finding state action where

ORDER TO AMEND OR SHOW CAUSE- 5

1   "[t]he nominally private character of [a statewide athletic association was] overborne by the
2   pervasive entwinement of public institutions and public officials in its composition and workings
3   [ ]"). However, there is no specific formula to apply. *See Sutton*, 192 F.3d at 836. Instead,
4   courts typically look to whether there is a sufficiently close nexus between the state and the
5   challenged conduct. *Id*. Moreover, the question is individualized and dependent on the factual
6   circumstances. *Id*.

Here, Plaintiff has not named any contractors and there are no factual circumstances for the Court to consider. Plaintiff must show cause why this claim should not be dismissed.

**C.      Eighth Amendment – Medical Care**

Plaintiff is advised that to state a claim for denial or insufficient medical care under the Eighth Amendment, he must allege a serious medical need and that defendants were deliberately indifferent to those needs. Deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). Deliberate indifference includes denial, delay or intentional interference with a prisoner medical treatment. *Id* at 104-05. To succeed on a deliberate indifference claim, an inmate must demonstrate that the prison official had a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). A determination of deliberate indifference involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *McGuckin v. Smith*, 954 F.2d 1050 (9th Cir. 1992). A "serious medical need" exists if the failure to treat a prisoner's condition would result in further significant injury or the unnecessary and wanton infliction of pain contrary to contemporary standards of decency. *Helling v. McKinney*, 509 U.S. 25, 32-35; *McGuckin*, 954 F.2d at 1059. Second the prison official must be deliberately indifferent to the

ORDER TO AMEND OR SHOW CAUSE- 6

risk of harm to the inmate. *Farmer*, 511 U.S. at 834. To withstand summary dismissal, a prisoner must not only allege he was subjected to unconstitutional conditions, he must allege facts sufficient to indicate that the officials were deliberately indifferent to his complaints. *Id.*

Differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Further, mere indifference, medical malpractice, or negligence will not support a cause of action under the Eighth Amendment. *Broughton v. Cutter Lab.*, 622 F.2d 458, 460 (9th Cir. 1980).

Thus, Plaintiff must provide factual allegations to describe his claim, including the nature of his condition, which defendant denied him care or provided inappropriate care for his condition, and when this occurred. In this regard, it is not enough for Plaintiff to claim that the "medical staff" failed to provide him with adequate medical care. He must name the individuals who denied him medical care and how their failure to do so deprived him of his constitutional rights.

Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff may file an amended complaint curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed no later than **November 2, 2012.** If Plaintiff chooses to amend his complaint, he must demonstrate how the conditions complained of have resulted in a deprivation of his constitutional rights. The complaint must allege in specific terms how each named defendant is involved. The amended complaint must set forth all of Plaintiff's factual claims, causes of action, and claims for relief. Plaintiff shall set forth his factual allegations **in separately numbered paragraphs** and shall allege with specificity the following:

ORDER TO AMEND OR SHOW CAUSE- 7

(1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

(2) the dates on which the conduct of each Defendant allegedly took place; and

(3) the specific conduct or action Plaintiff alleges is unconstitutional.

An amended complaint operates as a <u>complete</u> substitute for (rather than a mere supplement to) the present complaint. In other words, an amended complaint supersedes the original in its entirety, making the original as if it never existed. Therefore, reference to a prior pleading or another document is unacceptable – once Plaintiff files an amended complaint, the original pleading or pleadings will no longer serve any function in this case. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) (as a general rule, an amended complaint supersedes the prior complaint). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff shall present his complaint on the form provided by the Court. The amended complaint must be **legibly rewritten or retyped in its entirety**, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and it must be clearly labeled the "Amended Complaint" and must contain the same cause number as this case. Plaintiff should complete all sections of the court's form. Plaintiff may attach continuation pages as needed but may not attach a separate document that purports to be his amended complaint. **Plaintiff is advised that he should make a short and plain statement of claims against the defendants. He may do so by listing his complaints in separately numbered paragraphs. He should include facts explaining how each defendant was involved in the denial of his rights.**

ORDER TO AMEND OR SHOW CAUSE- 8

The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any Defendant who is not specifically linked to the violation of Plaintiff's rights.

If Plaintiff decides to file an amended civil rights complaint in this action, he is cautioned that if the amended complaint is not timely filed or if he fails to adequately address the issues raised herein on or before **November 2, 2012**, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g).  Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. 1983 civil rights complaint and for service.  The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff**.

**DATED** this  12th  day of October, 2012.

Karen L. Strombom
United States Magistrate Judge

ORDER TO AMEND OR SHOW CAUSE- 9