UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JABARIE PHILLIPS,

                              Plaintiff,

        v.

RON FRAKER, PRIVATE
CONTRACTORS,

                              Defendants.

No. C12-1110 RBL/KLS

**REPORT AND RECOMMENDATION**
**Noted For:  January 11, 2013**

This civil rights action has been referred to the undersigned United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff, a prisoner filing *pro se,* has been granted leave to proceed *in forma pauperis*.  ECF No. 8.  On October 12, 2012, the Court reviewed Plaintiff's Complaint (ECF No. 9) and found it to be deficient.  The Court ordered Plaintiff to show cause why his complaint should not be dismissed.  Alternatively, Plaintiff was given a deadline of November 2, 2012 to file an amended complaint.  ECF No. 14.  Plaintiff did not file an amended complaint or otherwise respond to the Court's Order.

Plaintiff has failed to state a cognizable claim pursuant to 42 U.S.C. § 1983.  It is recommended that this case be **dismissed without prejudice.**

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint

REPORT AND RECOMMENDATION - 1

1    or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that

2    fail to state a claim upon which relief may be granted, or that seek monetary relief from a

3    defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See

4    *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

5           A complaint is legally frivolous when it lacks an arguable basis in law or fact.  *Neitzke v.*

6    *Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir.

7    1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

8    indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*,

9    490 U.S. at 327.  A complaint or portion thereof, will be dismissed for failure to state a claim

10   upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right

11   to relief above the speculative level, on the assumption that all the allegations in the complaint

12   are true."  *See Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

13   In other words, failure to present enough facts to state a claim for relief that is plausible on the

14   face of the complaint will subject that complaint to dismissal.  *Id*. at 1974.

15          Although complaints are to be liberally construed in a plaintiff's favor, conclusory

16   allegations of the law, unsupported conclusions, and unwarranted inferences need not be

17   accepted as true.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).   Neither can the court supply

18   essential facts that an inmate has failed to plead. *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of*

19   *Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).  Unless it is absolutely clear that

20   amendment would be futile, however, a pro se litigant must be given the opportunity to amend

21   his complaint to correct any deficiencies.  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

22          Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, "the complaint [must

23   provide] 'the defendant fair notice of what the plaintiff's claim is and the ground upon which it

REPORT AND RECOMMENDATION - 2

rests.'" *Kimes v. Stone* 84 F.3d 1121, 1129 (9th Cir. 1996) (citations omitted).   In addition, in order to obtain relief against a defendant under 42 U.S.C. § 1983, a plaintiff must prove that the particular defendant has caused or personally participated in causing the deprivation of a particular protected constitutional right.  *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

To be liable for "causing" the deprivation of a constitutional right, the particular defendant must commit an affirmative act, or omit to perform an act, that he or she is legally required to do, and which causes the plaintiff's deprivation.  *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff claims that on September 12, 2010, while he was at work cleaning the shower, he slipped, fell, and fractured his left arm.  ECF No. 9, p. 3.  He alleges that the surface where he fell was wet due to a leaking roof caused by the faulty work of unidentified private contractors hired by the Department of Corrections (DOC).  Plaintiff also alleges that DOC medical staff failed to provide proper medical treatment and surgery that has left his left arm deformed. He seeks $1 million in damages. *Id.*, p. 4.

## A.    Ron Fraker, Superintendent

Plaintiff names Ron Fraker, Superintendent of the Clallam Bay Correctional Center, as a defendant.  ECF No. 9, p. 3.  However, there are no factual allegations contained in the complaint against Mr. Fraker.

A supervisory official is not liable for the actions of subordinates on a *respondeat superior* theory under 42 U.S.C. § 1983. *Jeffers v. Gomez*, 267 F.3d 895, 910, 915 (9th Cir.2001) (citing *Hansen v. Black*, 885 F.2d 642, 645–46 (9th Cir.1989)). "A supervisor may be liable under § 1983 only if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's

REPORT AND RECOMMENDATION - 3

wrongful conduct and the constitutional violation." *Id*. (internal quotations omitted).  A causal

connection is "an affirmative link" between a constitutional deprivation and "the adoption of any

plan or policy by [a supervisor,] express or otherwise showing [his or her] authorization or

approval of such misconduct." *Rizzo v. Goode*, 423 U.S. 362, 371, 96 S.Ct. 598, 46 L.Ed.2d 561

(1976).  The inquiry into causation "must be individualized" and focused on the duties and

responsibilities of the individual defendant whose acts or omissions are alleged to have caused a

violation.  *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir.1988).

 Plaintiff was advised to set forth facts describing how Mr. Fraker was involved in the

alleged violation of his constitutional rights.  Although he was given an opportunity to amend his

complaint to include these factual allegations, he failed to file an amended complaint or

otherwise respond to the Court's order to show cause.  This claim should be dismissed.

**B.** **Slip and Fall**

 A claim pursuant to 42 U.S.C. § 1983 requires an allegation of the violation of a right

secured by the Constitution and laws of the United States, and a showing that a person acting

under color of state law committed the alleged deprivation.  *West v. Atkins*, 487 U.S. 42, 48

(1988).  Here, Plaintiff attempts to sue unnamed "private outside contractors" for an alleged leak

in the roof that he believes caused the slippery surface on which he fell.

 First, Plaintiff was advised that "[a]lthough mere negligence may support a state tort

claim, it is not actionable under section 1983." *Daniels v. Williams*, 474 U.S. 327, 333 (1986)).

The allegations contained in Plaintiff's complaint merely state a cause of action for negligence.

*See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir.1989) (holding that slippery floors, without

more, do "not state even an arguable claim for cruel and unusual punishment"), *superseded by

statute as stated in, Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir.2000).  To file a complaint

REPORT AND RECOMMENDATION - 4

based upon a violation of his constitutional rights, plaintiff is required to meet a higher standard thannegligence.   To pursue his claim here, he must show that prison officials were deliberately indifferent to his safety by consciously disregarding an excessive risk of harm to his health. *See Farmer v. Brennan*, 511 U.S. 825, 833-38 (1994); *see also Wilson v. Seiter*, 501 U.S. 294, 302 (1991) ("[O]ur cases say that the offending conduct must be wanton.")

Second, Plaintiff attempts to sue unidentified "private outside contractors." Generally, private actors are not acting under color of state law.  *See Price v. Hawaii,* 939 F.2d 702, 707-08 (9th Cir.1991).  In order to determine whether a private actor acts under color of state law for § 1983 purposes, the Court looks to whether the conduct causing the alleged deprivation of federal rights is fairly attributable to the state.  *Id.* (citing *Lugar v. Edmundson Oil Co., Inc*., 457 U.S. 922, 937 (1982)).  Conduct may be fairly attributable to the state where (1) it results from a governmental policy and (2) the defendant is someone who fairly may be said to be a governmental actor. *Sutton v. Providence St. Joseph Med. Ctr*., 192 F.3d 826, 835 (9th Cir.1999) (citing *Lugar*, 457 U.S. at 937).  A private actor may be considered a governmental actor "because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State."  *Lugar*, 457 U.S. at 937.  The Court, however, begins with the presumption that private actors are not acting undercolor of state law. *See Sutton*, 192 F.3d at 835.  "In order for private conduct to constitute governmental action, 'something more' must be present."  *Id.* (quoting *Lugar*, 457 U.S. at 939).

The Court may employ various tests in determining whether "something more" exists, including:  (1) the public function test-where a private actor exercises powers traditionally exclusively reserved to the State; (2) the joint action test-where a private actor is a willful participant in joint activity with the State or its agents; (3) the state compulsion test-where the

REPORT AND RECOMMENDATION - 5

State exercises coercive power or provides such significant encouragement that the private

actor's choice must be deemed to be that of the State; and (4) the governmental nexus test-where

there is a sufficiently close nexus between the State and the challenged action such that the

action of the private actor may be fairly treated as that of the State. *Johnson v. Knowles*, 113

F.3d 1114, 118-20 (9th Cir.1997) (cited sources omitted). Courts have also looked to whether

there is "pervasive entwinement" between private and public entities. *See, e.g., Brentwood*

*Academy v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 298-99 (2001) (finding state

action where "[t]he nominally private character of [a statewide athletic association was]

overborne by the pervasive entwinement of public institutions and public officials in its

composition and workings [ ]"). However, there is no specific formula to apply. *See Sutton*, 192

F.3d at 836.  Instead, courts typically look to whether there is a sufficiently close nexus between

the state and the challenged conduct. *Id*. Moreover, the question is individualized and

dependent on the factual circumstances. *Id*.

  Here, Plaintiff has not named any contractors and there are no factual circumstances for

the Court to consider.  Plaintiff was given an opportunity to amend his complaint to include these

factual allegations.  He has failed to do so or to otherwise respond to the Court's show cause

order.  This claim should be dismissed.

**C.**  **Eighth Amendment – Medical Care**

  Plaintiff was advised that to state a claim for denial or insufficient medical care under the

Eighth Amendment, he must allege a serious medical need and that defendants were deliberately

indifferent to those needs.  Deliberate indifference to an inmate's serious medical needs violates

the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*,

429 U.S. 97, 105 (1976).  Deliberate indifference includes denial, delay or intentional

REPORT AND RECOMMENDATION - 6

interference with a prisoner medical treatment. *Id* at 104-05. To succeed on a deliberate

indifference claim, an inmate must demonstrate that the prison official had a sufficiently culpable

state of mind. *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). A determination of deliberate

indifference involves an examination of two elements: the seriousness of the prisoner's medical

need and the nature of the defendant's response to that need. *McGuckin v. Smith*, 954 F.2d 1050

(9th Cir. 1992). A "serious medical need" exists if the failure to treat a prisoner's condition

would result in further significant injury or the unnecessary and wanton infliction of pain

contrary to contemporary standards of decency. *Helling v. McKinney*, 509 U.S. 25, 32-35;

*McGuckin*, 954 F.2d at 1059.

Second the prison official must be deliberately indifferent to the risk of harm to the

inmate. *Farmer*, 511 U.S. at 834. To withstand summary dismissal, a prisoner must not only

allege he was subjected to unconstitutional conditions, he must allege facts sufficient to indicate

that the officials were deliberately indifferent to his complaints. *Id.* Differences in judgment

between an inmate and prison medical personnel regarding appropriate medical diagnosis and

treatment are not enough to establish a deliberate indifference claim. *See Sanchez v. Vild*, 891

F.2d 240, 242 (9th Cir. 1989). Further, mere indifference, medical malpractice, or negligence

will not support a cause of action under the Eighth Amendment. *Broughton v. Cutter Lab.*, 622

F.2d 458, 460 (9th Cir. 1980).

Plaintiff was advised that he must provide factual allegations to describe his claim,

including the nature of his condition, which defendant denied him care or provided inappropriate

care for his condition, and when this occurred. Plaintiff was also advised that it is not enough for

Plaintiff to claim that the "medical staff" failed to provide him with adequate medical care. He

must name the individuals who denied him medical care and how their failure to do so deprived

REPORT AND RECOMMENDATION - 7

1  him of his constitutional rights.  Plaintiff was given an opportunity to amend his complaint to

2  include these factual allegations.  He has failed to do so or to otherwise respond to the Court's

3  show cause order.  This claim should be dismissed.

### CONCLUSION

Plaintiff was previously advised that he failed to assert denial of a right secured by the

Constitution or laws of the United States.  Plaintiff was given an opportunity to show cause why

his complaint should not be dismissed or to file an amended complaint.  He failed to file an

amended complaint or otherwise respond to the Court's Order.  Plaintiff has failed to state a

cognizable claim pursuant to 42 U.S.C. § 1983.  Accordingly, it is recommended that this case

**dismissed without prejudice.**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

Procedure, the parties shall have fourteen (14) days from service of this Report to file written

objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those

objections for purposes of appeal.  *Thomas v Arn*, 474 U.S. 140 (1985).  Accommodating the

time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on

**January 11, 2013,** as noted in the caption.

**DATED** this  26th  day of December, 2012.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8